FARMERS' LOAN & TRUST CO. v. CENTRAL R. & BANKING CO. OF GEORGIA.

CENTRAL TRUST CO. v. SAME.

(District Court, S. D. Georgia, E. D. March 16, 1903.)

1. CORPORATIONS — REORGANIZATION — STOCKHOLDERS — RIGHTS — MERGER OF CLAIMS.

Intervener recovered judgment against a company for accrued dividends on stock held by his intestate. The company subsequently became involved in litigation, and was reorganized under a new charter. Intervener thereupon deposited his stock under the reorganization plan, and received preference bonds of the new company. *Held*, that intervener was bound by his action in entering into the reorganization, and could not assert his judgment, obtained against the old company, against the assets of the new company, to the prejudice of other creditors.

In Equity. Consolidated causes.

Edward S. Elliot and William R. Leaken, for intervener.

Henry C. Cunningham, A. R. Lawton, and T. M. Cunningham, Jr., for Central of Georgia Ry. Co.

SPEER, District Judge. This is an intervention brought against the defendant company to recover accrued dividends on certain shares of the capital stock of the Central Railroad & Banking Company of Georgia, formerly held by the intervener's intestate.

On a previous hearing the amount due upon this claim was ascertained by the court, and a judgment granted therefor against the Central Railroad & Banking Company of Georgia on the 25th day of March, 1898.

It is, however, true that, after the dividends sued for had accrued, the Central Railroad & Banking Company of Georgia having become involved in litigation, the history of which is familiar, and is to some extent set forth by the Circuit Court of Appeals of the Fifth Circuit in the case of Central of Georgia Railway Company v. Paul, 35 C. C. A. 639, 93 Fed. 878, was reorganized, and a new charter granted to the Central of Georgia Railway Company. This proceeding is brought to subject the assets of the new company to this judgment against the old company. It is brought on authority of the decision of the Circuit Court of Appeals in the Paul Case, above referred to. In that case the judgment of this court (affirmed by the Circuit Court of Appeals) maintained and ordered paid a claim for accrued dividends against the Southwestern Railroad Company, which had been collected by the Central, and deposited in its bank. It is, however, true that the claim of the intervener here does not seem to possess the strong equity discoverable in the Paul Case. There the Central Railroad & Banking Company of Georgia had leased the Southwestern Railroad Company, and was bound to pay the dividends due the stockholders of the latter company. In the case now before the court the intervener is a stockholder not of the creditor, but of the debtor, company, and, to use the language of the court in the Paul Case:

"It is an indisputable fact, notwithstanding all the sales of property and other transactions in liquidation, the stockholders of the Central Railroad & Banking Company of Georgia obtained their interest and rights, and by virtue thereof are now either stockholders of the new reorganization, the Central of Georgia Railway Company, or are otherwise provided for."

So far as this intervener is concerned, this is made very clear by the record before the court. He deposited his stock under the reorganization plan, and received in exchange for it, and now holds, third preference income bonds of the Central of Georgia Railway Company. He therefore became a party to the reorganization plan, by means of which his equity against the assets of the old company became merged into the assets of the new company. His position is, therefore, by no means so favorable as that of Mrs. Paul, who relied upon her independent rights as a creditor. The intervener here cannot be permitted to blow hot and cold, and, having entered into the reorganization, he must be held to be bound by his action. Indeed, the Paul Case is authority against his claim. In the language of the court we find the following:

"Equity regards the capital stock and property of a corporation as held in trust for the payment of the debts of the corporation, and recognizes the right of creditors to pursue such properties into whosesoever possession the same may be transferred, unless the stock or property has passed to the hands of a bona fide purchaser; and the rule is well established that stockholders are not entitled to any share of the capital stock, nor to any dividend

of the profits, until all the debts of the corporation are paid"—citing Scammon v. Kimball, 92 U. S. 362, 367, 23 L. Ed. 483.

Since all the debts of this corporation are not yet paid, the intervener, so far from being entitled to recover from his associates in the reorganization, may regard himself as fortunate if the values he may possess in the new corporation are not subjected to the payment of such claims as that enforced in Central of Georgia Railway Company v. Paul, supra.

For these reasons judgment must be granted against the intervener.